UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0026 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| CLAUDIA RODRIGUEZ-RIVERA, | |
| Defendant. | |

Claudia Rodriguez-Rivera, pro se.

Kevin S. Ueland, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Defendant Claudia Rodriguez-Rivera pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  On March 24, 2008, the Court sentenced Rodriguez to 97 months' imprisonment and five years of supervised release.  The Eighth Circuit dismissed Rodriguez's appeal on October 13, 2009.  *See United States v. Rodriguez-Rivera*, 334 Fed. App'x 41, 42 (8th Cir. 2009) (per curiam) (unpublished).

This matter is before the Court on Rodriguez's motion for appointment of counsel to assist her with filing a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.  Rodriguez argues that her trial counsel, Sergio Andrade, was ineffective because, among other things, he failed to advise her about the immigration consequences of pleading guilty, failed to inform her about a more favorable plea offer that had been made by the government, and advised her to plead guilty because of his own personal legal troubles.  *See* ECF Nos. 123 and

128-1. In support of her motion, Rodriguez relies on the Supreme Court's decisions in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012).[1]

Courts may appoint counsel in a § 2255 proceeding if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, Rodriguez has not yet filed a motion under § 2255. Because Rodriguez does not have any civil or criminal matters pending before this Court, Rodriguez's request for the appointment of counsel is premature, and the Court lacks authority to appoint counsel for her.

Even if the Court had authority to appoint counsel for Rodriguez, it is unlikely that the Court would do so, as Rodriguez's motion appears to be barred by the one-year statute of limitations under § 2255(f). As a general matter, a motion for relief under § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final 90 days after a ruling on direct appeal. *See United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006). Here, the Eighth Circuit dismissed Rodriguez's appeal on October 13, 2009, which means that her conviction became final on January 11, 2010. Rodriguez was required to file her § 2255 motion within one year of

---

[1]In *Padilla*, the Supreme Court held that the failure of defense counsel to advise a criminal defendant that pleading guilty might result in deportation could constitute ineffective assistance. 130 S.Ct. at 1478 ("We agree with Padilla that constitutionally competent counsel would have advised him that his conviction for drug distribution made him subject to automatic deportation."). In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal plea offers to his or her client and that counsel's failure to do so could amount to ineffective assistance. 132 S.Ct. at 1408 ("When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires.").

that date — or by January 11, 2011.  She failed to do so, and thus it appears that the § 2255 motion that she now wishes to file is time barred.[2]

Finally, the claims that Rodriguez wishes to assert — all for ineffective assistance of counsel — appear to be meritless.  To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) her counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for her counsel's errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

As to Rodriguez's first ground:  Rodriguez alleges that Andrade never informed her that "she would face mandatory deportation as a consequence of her guilty plea."  ECF No. 123 at 2.  Rodriguez alleges that she was prejudiced by Andrade's error because she "would have chosen to go to trial instead of agreeing to a plea that subjected her to automatic deportation."  *Id.* at 3.  Under *Padilla*, Andrade's alleged failure to inform Rodriguez that she would likely be deported as a result of pleading guilty satisfies the first prong of the *Strickland* test.[3]  *See* 130 S.Ct. at

---

[2]Rodriguez's motion was dated May 21, *2009*, but that appears to have been a typographical mistake, as Rodriguez cited *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), which was decided by the Supreme Court on March 20, 2012.  Contrary to Rodriguez's suggestion, *Martinez* did not hold that a defendant has a constitutional right to counsel in a § 2255 proceeding.  *See id.* at 1315.

[3]The Court notes that the Supreme Court recently granted certiorari to resolve the split of authority as to whether *Padilla* applies retroactively in habeas proceedings.  *Compare Chaidez v. United States*, 655 F.3d 684, 688 (7th Cir. 2011) (holding that *Padilla* does not have retroactive effect), *cert. granted*, 80 U.S.L.W. 3429 (U.S. Apr. 30, 2012) *and United States v. Chang Hong*, 671 F.3d 1147, 1150 (10th Cir. 2011) ("*Padilla* does not apply retroactively to cases on collateral review.") *with United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011) (holding that *Padilla* is retroactively applicable).  For purposes of this discussion, the Court assumes but does not decide that *Padilla* applies to Rodriguez.

1478.  But Rodriguez cannot establish prejudice because the Court itself expressly warned her that she could be deported from the United States if she pleaded guilty.[4]  At the change-of-plea hearing on April 20, 2007, Rodriguez and the Court had the following exchange:

> Court:   I should also warn you that because you will be pleading guilty to a felony and because you are not a citizen of the United States, you could be excluded from the United States — I am sorry, you could be deported or removed from the United States.  You could be excluded from the United States after you are deported or removed, and you may not be able to apply for United States citizenship in the future.
>
> Do you understand that?
>
> Rodriguez:   Yes.

See ECF No. 109 at 21-22.  As reflected in the transcript of the change-of-plea hearing, Rodriguez pleaded guilty *after* being told by the Court that she could be deported if she pleaded guilty and *after* she told the Court that she understood the Court's warning.  Under these circumstances, Rodriguez cannot now claim that she would have gone to trial if only she had been informed about the immigration consequences of her guilty plea.

As to Rodriguez's second ground:  Rodriguez alleges that Andrade failed to tell her about a more favorable plea offer that had been made by the government.  Rodriguez provides no information about this alleged plea offer — and based on its past dealings with both Rodriguez and the United States Attorney's Office, the Court is skeptical whether any such plea offer was made.  But if a plea offer was made, Andrade had a duty to communicate it to Rodriguez under

---

[4] In *Padilla*, the Supreme Court expressly declined to address the second prong of the *Strickland* test.  130 S.Ct. at 1483-84 ("Whether Padilla is entitled to relief on his claim will depend on whether he can satisfy Strickland's second prong, prejudice, a matter we leave to the Kentucky courts to consider in the first instance.").

*Frye*,[5] and if he failed to do so, Rodriguez would meet the first prong of the *Strickland* test.  *See* 132 S.Ct. at 1408.  To establish prejudice, however, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel."  *Id.* at 1409.  Here, Rodriguez does not allege that she would have accepted the more favorable plea offer and, thus, she cannot establish that she was prejudiced by Andrade's alleged ineffectiveness.  Indeed, if her allegations with respect to her *Padilla* claim are to be believed, Rodriguez would have *rejected* the more favorable plea offer and proceeded to trial to avoid deportation.

Finally, as to Rodriguez's third ground:  Rodriguez suggests that Andrade may have improperly advised her to plead guilty because he was under investigation for unethical conduct in connection with a different client.  Rodriguez does not, however, explain how Andrade's conduct in a different case had any impact on his representation of Rodriguez in her case.  To the extent that Rodriguez argues that Andrade somehow coerced her into pleading guilty, that argument is contradicted by her testimony at the change-of-plea hearing, where she told the Court that she was pleading guilty "voluntarily and of [her] own free will" because she "committed a crime."  *See* ECF No. 109 at 32-33.

In short, Rodriguez's motion for appointment of counsel is premature, as she has not yet filed a motion for relief under § 2255.  Moreover, it appears to be too late for her to file a § 2255

---

[5] The Supreme Court did not decide whether *Frye* applies retroactively in habeas proceedings.  Again, for purposes of this discussion, the Court assumes but does not decide that *Frye* applies to Rodriguez.

motion, and the claims that she seeks to make in such a motion appear to be without merit. Rodriguez's motion for appointment of counsel is therefore denied.[6]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for appointment of counsel [ECF Nos. 123 and 128] is DENIED.

2. Defendant's application to proceed in forma pauperis [ECF Nos. 124 and 129] is DENIED.

3. Assuming that this order is a "final order" for purposes of Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, no certificate of appealability will issue.

Dated: June  18 , 2012                           s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge

---

[6]Rodriguez also seeks appointment of counsel to represent her in a bail hearing under 18 U.S.C. § 3143(b). Rodriguez appears to believe that she is eligible for release on bail pending the Court's adjudication of her ineffective-assistance-of-counsel claims. Rodriguez is mistaken for several reasons. First, she has not yet filed a motion for relief under § 2255 and, thus, there is nothing for the Court to adjudicate. Second, § 3143(b) does not apply to motions for relief under § 2255. And finally, even if § 3143(b) applied to Rodriguez, she could not possibly establish "by clear and convicting evidence that [she] is not likely to flee," given that she absconded after entering her plea and before her sentencing, causing the Court to issue a bench warrant for her arrest. *See* ECF No. 100.