UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLAUDIA RODRIGUEZ-RIVERA,

Defendant.

Case No. 07-CR-0026(1) (PJS)

ORDER

Claudia Rodriguez-Rivera, pro se.

In 2007, defendant Claudia Rodriguez-Rivera pleaded guilty to one count of conspiracy to distribute methamphetamine and was sentenced to 97 months of imprisonment and five years of supervised release.  On direct review, the United States Court of Appeals for the Eighth Circuit dismissed Rodriguez-Rivera's appeal due to the appeal waiver contained in her plea agreement.  Since then, Rodriguez-Rivera has filed multiple pro se motions—including two motions for relief under 28 U.S.C. § 2255—all of which the Court has denied.  Rodriguez-Rivera is about to be released from prison, but she is still filing pro se motions.

This matter is before the Court on Rodriguez-Rivera's latest motion, in which she seeks a writ of audita querela.  The common-law writ of audita querela was formerly available to judgment debtors seeking a rehearing on the basis of newly discovered evidence.  *United States v. Boal*, 534 F.3d 965, 967 n.2 (8th Cir. 2008).  Although it has

been abolished in civil cases, some courts have held that it remains available in limited

circumstances in criminal proceedings.  For example, it may be available for a party

who claims to be innocent on the basis of a new statutory interpretation and who has no

other avenue of judicial review.  *See, e.g., United States v. Richter*, 510 F.3d 103, 104 (2d

Cir. 2007) (per curiam).

Rodriguez-Rivera, however, makes no such claim.  Instead, she makes a variety

of claims that have been available to her since she filed her direct appeal seven years

ago,[1] such as that (1) she was poorly advised during the plea-agreement process and her

guilty plea is therefore invalid; (2) the unpleasant conditions of her pretrial confinement

rendered her plea involuntary; (3) there is an insufficient factual basis for her guilty

plea; and (4) she should have been allowed to plead nolo contendere.  Because of all of

these errors, Rodriguez-Rivera argues, the Court should relieve her from the collateral

consequences of her guilty plea—namely, her likely deportation.

All of Rodriguez-Rivera's allegations of error, however, are cognizable under 28

U.S.C. § 2255, and none of them is based on new evidence or new law that was

unavailable to Rodriguez-Rivera when she filed her direct appeal or when she filed her

earlier post-conviction motions.  Rodriguez-Rivera contends that a § 2255 motion and

other forms of relief would be ineffective because they would only vacate her *conviction*

---

[1]The sentencing of Rodriguez-Rivera was delayed because she absconded after
failing to appear for sentencing, and it took the U.S. Marshal some time to locate her.

but not relieve her of the *consequences* of her conviction.  This argument makes no sense, and Rodriguez-Rivera cites no legal authority supporting it.  A writ of audita querela is therefore not available to Rodriguez-Rivera as an avenue of relief.  *Cf. United States v. Feist*, 346 F. App'x 127, 128 (8th Cir. 2009) (per curiam) ("A writ of audita querela is not available where other cognizable remedies exist . . . .").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, defendant's motion for a writ of audita querela [ECF No. 145] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2015

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge